**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 13, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

GILDARDO MAJALCA-AGUILAR,

    Defendant - Appellant.

No. 16-2153
(D.C. No. 2:12-CR-02619-RB-1)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, Chief Judge, **KELLY**, and **MATHESON**, Circuit Judges.

After he pleaded guilty to various drug crimes, Gildardo Majalca-Aguilar

was sentenced to 168 months in prison, a sentence he now seeks to appeal. His

attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967),

under which a defendant's lawyer may seek permission to withdraw from an

appeal if, "after a conscientious examination" of the record and the law, she finds

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order is not binding
precedent except under the doctrines of law of the case, res judicata and collateral
estoppel. It may be cited, however, for its persuasive value consistent with Fed.
R. App. P. 32.1 and 10th Cir. R. 32.1.

the appeal "wholly frivolous." *Id.* at 744. The attorney must, however, "submit a brief to the client and the appellate court indicating any potential appealable issues." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). The client may in turn submit his own arguments for the court's consideration, in which case the court must "conduct a full examination of the record to determine whether [the] defendant's claims are wholly frivolous." *Id.* If they are, the court may grant counsel's motion to withdraw and dismiss the appeal. *Id.*

These conditions are satisfied here. Majalca-Aguilar's attorney explains in her *Anders* brief that, after a careful examination of the record, she can discern no potential points of appeal. Having conducted our own independent review of the record, we agree with this assessment.

Majalca-Aguilar's 168-month prison term fell below the 210- to 262-month range the Guidelines recommended at the time of his original sentencing. This was because of a downward variance the court granted based on its finding that a sentence enhancement imposed on Majalca-Aguilar, while supported by the record, was not in the contemplation of the parties at the time of their plea agreement. Majalca-Aguilar then moved for a further sentence reduction pursuant to 18 U.S.C. § 3582(c)(2), which the district court denied.

We discern no non-frivolous grounds to appeal this ruling. Section 3582(c)(2) allows a district court to modify a defendant's original sentence if it was "based on a sentencing range that has subsequently been lowered by the

Sentencing Commission." And, to be sure, Majalca-Aguilar's applicable sentencing range was lowered by the Commission, decreasing the range's minimum from 210 months to 168 months. But the statute does not stop there. It goes on to add that a district court may modify a defendant's original sentence only "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." And the relevant policy statement here, USSG § 1B1.10(b)(2)(A), expressly provides that (with one exception not relevant here) a court "shall not" reduce a defendant's sentence below the amended guidelines range. Given this binding guidance and given the fact that Majalca-Aguilar's original sentence was already at the minimum of the amended range (168 months), the statute offers no prospect of relief. He is, just as the district court held, ineligible for any further sentence reduction.

Defense counsel's motion to withdraw is GRANTED. Majalca-Aguilar's motion to release present representation is DENIED, and this appeal is DISMISSED.

ENTERED FOR THE COURT

Timothy M. Tymkovich
Chief Judge